## THE PEOPLE *v.* LOMBARD.

ON trial for murder, it was shown that deceased had threatened, two or three days before and on the evening before the killing, to take the life of defendant, and that these threats were communicated to him previous to the killing ; and that, about 7 o'clock in the morning, deceased was crossing a street from a barber shop, with a bundle of clothes in his hands, and apparently without any weapon, when defendant came rapidly up the street, and said to deceased: "Defend yourself," etc., at the same time shooting him with a pistol, when

People *v.* Lombard.

deceased fell and in a few moments died : *Held,* that under the circumstances—it not appearing that the threats of deceased were followed by any overt acts—the mere apprehension of danger was insufficient to justify the killing.

On trial for murder, evidence of the character of the deceased is admissible only where the immediate circumstances of the killing render it doubtful whether the act was justifiable or not.

On trial for murder, a witness stated that deceased had threatened to kill defendant on sight, and that she, witness, had told defendant of these threats before the killing, and defendant's counsel having asked witness if she knew the reason why deceased intended to kill defendant, and the witness having answered "Yes," then asked witness "What that reason was ?" Defendant's counsel then asked witness if she knew whether or not deceased about the time of these threats shot at any other person for the same reason; and further, what deceased was doing at the time of these threats : *Held,* that this evidence was irrelevant and properly ruled out.

APPEAL from the Seventeenth District.

Indictment for murder. The facts relative to the threats and killing are, that during the evening of Oct. 24th, 1859, Lucas, the deceased, had threatened to kill defendant, and that these threats were communicated to him that night; that two or three days before this time Lucas had made like threats, which were then communicated to the defendant. Lucas on the evening named was drunk in the street, threatening to kill a man named Williams or defendant—the cause of trouble seeming to be a woman with whom defendant was intimate and whom Lucas had whipped. About 7 o'clock the next morning, Lucas was crossing the street from a barber shop with a bundle of clothes, and apparently without any weapon, when defendant came rapidly up the street and addressed Lucas thus : " Defend yourself, you son of a b—h," at the same time drawing a pistol and shooting Lucas in the right side, of which wound he soon died. Defendant then ran up the street. Lucas does not seem to have seen defendant until addressed as stated. On the trial, after the evidence of threats and their communication to defendant had been introduced, defendant offered to prove by a witness that the deceased, Lucas, was a quarrelsome, vindictive and revengeful man, for the purpose of showing that defendant had reason to believe and did believe his life to be in danger at the time he met deceased, and that he acted under that belief at the time the pistol was fired. The Court of its own motion, without

objection on the part of the prosecution, excluded the evidence, defendant excepting.

After a witness, Martha Willis, had proved the threats against defendant, made to her two or three days before the killing, and their communication by her to him, defendant's counsel asked her if she knew the reason why Lucas intended to kill defendant, and being answered in the affirmative, he then asked " what that reason was ?" Objected to, and objection sustained, defendant excepting. Counsel then asked : " Do you know whether or not the deceased, about the same time he made the threats you have sworn to, attempted to kill and did shoot at any other person for the same reason for which he intended and threatened to kill Lombard, the defendant." Objected to and ruled out. Counsel then asked witness : " What was Lucas, the deceased, doing at the time he threatened the life of Lombard ?" Ruled out on objection.

, Defendant was convicted of murder in the second degree, and appeals.

*Hereford & Long and Wm. M. Stewart,* for Appellant.

I.   The Court should have allowed defendant to prove what Lucas, the deceased, was doing at the time he made the threats.

· II.   The whole case turned upon the fact whether the defendant was justified in believing himself in danger, and for this purpose the Court should have allowed defendant to have proved the character of deceased. (10 Cal. 310.)

III.   If the Court had allowed defendant to prove that deceased had attempted to kill other persons for the same reasons that he had threatened to kill defendant, would not that evidence have tended to satisfy the jury that defendant had a right to believe himself in danger of having a felony committed on him ?

IV.   The Court should have allowed defendant to prove the reason deceased avowed he had for threatening to kill defendant, for if it was a slight and trivial reason, the defendant would have been less likely to carry his threats into execution, and *vice versa ;* all of which would and should have operated on defendant's mind in convincing him that his life was in danger.

People *v.* Lombard.

*Thos. H. Williams, Attorney General,* for Respondent.

I.   The first assignment of error is based upon the refusal of the Court to permit the counsel for defendant to ask the witness, Martha Willis, what the deceased, Lucas, was doing at the time he threatened the life of prisoner.

1st. The materiality of the testimony was not shown to the Court. The testimony sought to be elicited by the questions propounded might or might not have been material, depending upon its character, the condition of the case at the time, and the end to be attained. To enable the Court, therefore, to pass intelligibly upon the questions, defendant's counsel should have stated the testimony proposed, or at least have offered to state it.   This Court will not reverse upon the ground that there might have been error or injustice in the action of the lower Court.   Such error or injustice must be exhibited by the appellant.

2d. It was not proposed to accompany the evidence of the occupation of defendant at the time of the threats by proof that the fact was communicated to the defendant.

As to the refusal of the Court to permit proof of the character of the deceased, the testimony was objectionable upon the ground that the defendant does not seem to have, at the time of the affray, known the character of the deceased to have been that which is described in the bill of exceptions stating the object of the testimony.   No offer of proof of such knowledge upon the part of defendant was made.   But if the proof had been admitted, it would not have been of any value to the defense.   The object stated was to show that the deceased was likely to execute his threat against the life of the defendant.   And why ?   Because he, in disposition, was vindictive, quarrelsome and revengeful.

Neither of these characteristics applied to this case.   He might have been quarrelsome, and yet not dangerous or determined in his purposes—vindictive and revengeful, (synonymous terms) and yet, unless he had some cause of revenge, either real or imaginary, against defendant, the latter was in no danger and had no reason to fear danger on account of this characteristic.   (*People* v. *Murray,* 10 Cal. 309.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The defendant was convicted of murder in the second degree. On the trial of the case, it was shown that the deceased had threatened to take the life of defendant, and that these threats were communicated to the latter previous to the killing. It did not appear that the threats were followed by any overt act, and under the circumstances, the mere apprehension of danger was insufficient to justify the homicide. The evidence offered in relation to the character of the deceased was properly excluded. Such evidence is admissible only where the immediate circumstances of the killing render it doubtful whether the act was justifiable or not. The other evidence offered was irrelevant.

Judgment affirmed.